[64 NYS3d 289]

In the Matter of JONATHAN MATTHEW STEIN, an Attorney, Respondent.

Second Department, November 8, 2017

**APPEARANCES OF COUNSEL**

*Catherine A. Sheridan*, Hauppauge (*Daniel M. Mitola* of counsel), for Grievance Committee for the Tenth Judicial District.

*Jonathan Matthew Stein*, Roslyn Heights, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent, Jonathan Matthew Stein, has submitted an affidavit sworn to on July 27, 2017, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District involving allegations of professional misconduct, including the breach of his fiduciary duties and misappropriation of funds entrusted to him as a fiduciary. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct. The respondent further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90 (6-a), directing that he make monetary restitution to Joshua Hyman. The respondent also acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection of the State of New York, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee recommends that the Court grant the respondent's application for resignation.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.

Ordered that the application of the respondent, Jonathan Matthew Stein, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan Matthew Stein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jonathan Matthew Stein, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan Matthew Stein, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent, Jonathan Matthew Stein, shall make monetary restitution to Joshua Hyman, in the amount of $10,000, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent, Jonathan Matthew Stein, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Joshua Hyman; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York, or by the Lawyers' Fund for Client Protection of the State of New York when it has been subrogated to the rights of such party; and it is further,

Ordered that if the respondent, Jonathan Matthew Stein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).